816 F.2d 680
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William J. KISTLER, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 86-1366.
 United States Court of Appeals, Sixth Circuit.
 April 15, 1987.
 
 Before ENGEL, KRUPANSKY and GUY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Appellant William Kistler appeals from the district court's entry of summary judgment upholding the denial of disability benefits. The district court entered summary judgment after reviewing the magistrate's report and recommendation and the objections thereto. Kistler's claim had been denied at all levels of administrative appeal.
 
 
 2
 William Kistler suffers from ischemic heart disease. Kistler experienced two heart attacks and underwent coronary bypass surgery and cardiac catheterization. He testified that exercise, stress, and overhead work bring on sharp angina pain in his chest and neck. Kistler regularly exercises and engages in routine activities such as light housework and driving. The administrative law judge found that Kistler had a severe impairment, but that such impairment did not meet or equal in severity the disability standards in the pertinent regulations. He also found that Kistler could resume light work such as his former supervisory position at Ford Motor Company.
 
 
 3
 Kistler contends on appeal that his condition meets the requirements of the Medical Listings for heart disease. 20 C.F.R. Sec. 404.1599, App. 1 (1985). He asserts that the treadmill exercise tests given him were unacceptable and that the cardiac catheterization results indicate a disabling condition. He further asserts that the medical record supports his complaints of pain upon stress or exertion, and that there are no jobs that he can perform consistent with this problem.
 
 
 4
 The Secretary responds by arguing that Kistler cannot raise the validity of the exercise tests before this court because he failed to preserve the issue by making specific objections to the magistrate's report, that in any event the treadmill tests are acceptable, and that the Secretary correctly determined that Kistler retains the residual functional capacity to perform his past relevant work.
 
 
 5
 As an initial matter, the court agrees with the Secretary that plaintiff's written objections to the magistrate's report and recommendation were not sufficient to bring to the attention of the trial judge the claim, made in this court, that Mr. Kistler's condition met the medical listings of Appendix 1 to regulation No. 4, 20 C.F.R. Sec. 404.1599, App. 1 (1985), relating to ischemic heart disease, because the proffered evidence of treadmill exercise tests showed that he did not achieve his targeted heart rate of 134, 85 percent of his predicted maximum heart rate of 158. See United States v. Walters, 638 F.2d 947, 950 (6th Cir.1981), and Thomas v. Arn, 106 S.Ct. 466, 471 (1985). Because Mr. Kistler's attorney did in fact bring a general objection to the magistrate's report and because of his claim that the position of the Secretary represents a strained and unforeseen construction of the above authorities, we have nonetheless considered that claim on the merits along with the other arguments raised in the appeal. In this regard, we are satisfied with the Secretary's interpretation and conclusion that a claimant's failure to achieve 85 percent of his maximum heart rate does not itself make the tests unacceptable, but only is intended to prevent the use of these tests in determining whether ischemic heart disease is present. Thus we agree with the Secretary that the 85 percent requirement does not apply to the use of such tests for the purpose of assessing functional capacity when the diagnosis of ischemic heart disease has already been established by other means. The Secretary therefore was entitled to consider all of the evidence before him including the circumstances surrounding the treadmill stress tests and the fact that Kistler was under medication which could have produced changes affecting the reliability of the tests. Accordingly, viewing the entire record as a whole, we conclude, as did the district judge, that substantial evidence supports the decision of the Secretary to deny benefits on the basis that the claimant had the residual functional capacity to perform his past relevant work except any work involving overhead reaching.
 
 
 6
 Accordingly the judgment of the district court is AFFIRMED.